UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANDREW D. WETZEL | CIVIL ACTION |
| VERSUS | NO. 09-7211 |
| ALLISON PENZATO, ET AL. | SECTION: "C"(1) |

## REPORT AND RECOMMENDATION

Plaintiff, Andrew D. Wetzel, a state prisoner and frequent litigant in this Court,[1] filed this *pro se* complaint. In this lawsuit, plaintiff sued Allison Penzato, Richard Schwartz, William Knight, August Hand, Ken Dohre, Bruce Dearing, Michael Capdeboseq, and Melissa Brink. This time, plaintiff alleges that the judges, assistant district attorneys, and public defenders engaged in a conspiracy to deprive criminal defendants of their rights in the Louisiana Twenty-Second Judicial District Court.

### Standards of Review

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires:

---

[1] For example, this is the *tenth* lawsuit plaintiff has filed in this Court in 2009 alone.

On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
>
> > (i) is frivolous or malicious;
> > (ii) fails to state a claim on which relief may be granted; or
> > (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the

2

allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted), cert. denied, 128 S. Ct. 1230 and 1231 (2008). The United States Supreme Court recently explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citations and quotation marks omitted).[2]

Although broadly construing plaintiff's complaint,[3] the Court finds that, for the following reasons, the complaint should be dismissed as frivolous, for failing to state a claim on which relief may be granted, and/or for seeking monetary damages against a defendant who is immune from such relief.

---

[2] The Supreme Court also reiterated:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." ... [T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

Iqbal, 129 S.Ct. at 1949 (citations, quotation marks, and brackets omitted).

[3] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

## The Judges

Plaintiff has named as defendants Judges Allison Penzato, Richard Schwartz, William Knight, and August Hand of the Louisiana Twenty-Second Judicial District Court. The claims against the judges fail for the following reasons.

Any claims against the judges for monetary damages are clearly barred. With respect to any such claims against them in their *individual* capacities, the judges are protected by their absolute judicial immunity. See Bradley v. Fisher, 80 U.S. (13 Wall.) 335, 351 (1871); see also Harper v. Merckle, 638 F.2d 848, 856 n.9 (5th Cir. 1981); Washington v. Louisiana, Civ. Action No. 09-3186, 2009 WL 2015556, at *5 (E.D. La. June 30, 2009); Wiggins v. Vondenstein, Civ. Action No. 06-10813, 2007 WL 203970, at *3 (E.D. La. Jan. 24, 2007). Further, any such claims brought against them in their *official* capacities fail for two reasons. First, the judges are state officials, and a state official in his or her official capacity is not a "person" amenable to suit for damages under 42 U.S.C. § 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989); see also Arizonans for Official English v. Arizona, 520 U.S. 43, 69 n.24 (1997); Washington, 2009 WL 2015556, at *5. Second, because official-capacity claims against the judges are in reality claims against the state itself, any such claims are barred by the Eleventh Amendment. Voisin's Oyster House, Inc. v. Guidry, 799 F.2d 183, 188 (5th Cir. 1986); Doris v. Van Davis, Civ. Action No. 08-4138, 2009 WL 382653, at *2 (E.D. La. Feb. 12, 2009); see also Wallace v. Texas Tech University, 80 F.3d 1042, 1047 n.3 (5th Cir. 1996) ("Suits against state officials in their official capacity are considered to be suits against the individual office, and so are generally barred as suits against the state itself.").

To the extent that plaintiff is seeking some type of injunctive relief against the judges, such relief is not available. The Federal Courts Improvement Act of 1996, which amended 42 U.S.C. § 1983, provides that "in any action brought against a judicial officer for an act or omission taken in such officer's official capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief is unavailable." 42 U.S.C. § 1983; Doris, 2009 WL 382653, at *3 (E.D. La. Feb. 12, 2009); Wilkerson v. Lanier, Civ. Action No. 06-3044, 2006 WL 2135224, at *3 (E.D. La. July 27, 2006); see also Guerin v. Higgins, 8 Fed. App'x 31, 32 (2nd Cir. 2001); Nollet v. Justices of the Trial Court of the Commonwealth of Massachusetts, 83 F.Supp.2d 204, 210 (D. Mass.), aff'd, 248 F.3d 1127 (1st Cir. 2000).

## The Assistant District Attorneys

Plaintiff has also named as defendants St. Tammany Parish Assistant District Attorneys Ken Dohre and Bruce Dearing. Regardless of whether plaintiff is suing Dohre and Dearing in their individual capacities, their official capacities, or both, the claims against them are likewise subject to dismissal.

As to any claims against Dohre and Dearing in their individual capacities, those claims are barred by their absolute prosecutorial immunity. Prosecutorial immunity protects Dohre and Dearing against claims based on their "actions in initiating the prosecution and in carrying the case through the judicial process." Boyd v. Biggers, 31 F.3d 279, 285 (5th Cir. 1994). A prosecutor's absolute immunity also extends to "actions preliminary to the initiation of a prosecution and actions apart from the courtroom." Buckley v. Fitzsimmons, 509 U.S. 259, 272 (1993) (quotation marks omitted). Further, "[a]bsolute immunity shelters prosecutors even when they act maliciously, wantonly or negligently." Rykers v. Alford, 832 F.2d 895, 897 (5th Cir. 1987) (quotation marks

5

omitted). Because plaintiff's claims against Dohre and Dearing in their individual capacities relate to their actions taken in prosecuting criminal charges, they are protected by absolute immunity.

To the extent that plaintiff may have intended to name Dohre and Dearing in their official capacities, those claims likewise fail. The United States Fifth Circuit Court of Appeals has noted:

> For purposes of "official capacity" suits under § 1983, the district attorney's office resembles other local government entities. Therefore, we advert to the Supreme Court's development of principles for determining whether a municipality or other local government entity should be held liable under 42 U.S.C. § 1983 for the constitutional tort of its employee.

Burge v. Parish of St. Tammany, 187 F.3d 452, 470 (5th Cir. 1999); McCloud v. Craig, Civ. Action No. 09-3287, 2009 WL 2515609, at *5-6 (E.D. La. Aug. 17, 2009). The Fifth Circuit has held:

> In order to hold a municipality or a local government unit liable under Section 1983 for the misconduct of one of its employees, a plaintiff must initially allege that an official policy or custom was a cause in fact of the deprivation of rights inflicted. To satisfy the cause in fact requirement, a plaintiff must allege that the custom or policy served as a moving force behind the constitutional violation at issue or that [his] injuries resulted from the execution of an official copy or custom.

Spiller v. City of Texas City, Police Department, 130 F.3d 162, 167 (5th Cir. 1997) (quotation marks, brackets, and citations omitted); McCloud, 2009 WL 2515609, at *6. Moreover, "[a] plaintiff may not infer a policy merely because harm resulted from some interaction with a governmental entity." Colle v. Brazos County, Texas, 981 F.2d 237, 245 (5th Cir. 1993); McCloud, 2009 WL 2515609, at *6. Rather, he must *identify* the policy or custom which allegedly caused the deprivation of his constitutional rights. See, e.g., Murray v. Town of Mansura, 76 Fed. App'x 547, 549 (5th Cir. 2003); Treece v. Louisiana, 74 Fed. App'x 315, 316 (5th Cir. 2003); McCloud, 2009 WL 2515609, at *6. Because plaintiff does not allege that he suffered constitutional violations

resulting from an identified official policy or custom of the St. Tammany Parish District Attorney's Office, no official-capacity claims against Dohre and Dearing have been stated.

### The Public Defenders

Lastly, plaintiff has also sued public defenders Michael Capdeboseq and Melissa Brink. The claims against those defendants likewise fail.

For plaintiff's claims against Capdeboseq and Brink to be cognizable pursuant to 42 U.S.C. § 1983, they must have acted under color of state law. See, e.g., Bass v. Parkwood Hospital, 180 F.3d 234, 241 (5th Cir. 1999) ("To state a claim under section 1983, a plaintiff must allege facts tending to show (1) that he has been deprived of a right secured by the Constitution and the laws of the United States, and (2) that the deprivation was caused by a person or persons acting under color of state law.") (quotation marks omitted). However, it is clear that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk County v. Dodson, 454 U.S. 312, 325 (1981). Therefore, plaintiff has failed to state a cognizable § 1983 claim against Capdeboseq and Brink.[4]

---

[4] The Court recognizes that claims against an attorney for engaging in a conspiracy with a state actor are cognizable in a § 1983 action. Mills v. Criminal District Court #3, 837 F.2d 677, 679 (5th Cir. 1988); Brown v. Blaize, Civ. Action No. 08-3730, 2008 WL 3876573, at *2 n.2 (E.D. La. Aug. 20, 2008). Although plaintiff does allege the existence of a widespread conspiracy among the judges, the assistant district attorneys, and the public defenders, his allegations on that point are wholly conclusory. Conclusory allegations of conspiracy fail to state a § 1983 cause of action. Small v. Dallas County, Texas, 170 Fed. App'x 943 (5th Cir. 2006); Russell v. Millsap, 781 F.2d 381, 383 (5th Cir. 1985); Wilson v. Budney, 976 F.2d 957, 958 (5th Cir. 1992); Brown, 2008 WL 3876573, at *2 n.2.

**RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this tenth day of November, 2009.

_____
**SALLY SHUSHAN
UNITED STATES MAGISTRATE JUDGE**